IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:04-cr-00582-TLW-1 |
| v. | **Order** |
| Cleshon Joaquin Mack | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194.

Defendant pled guilty to two counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). He was ultimately sentenced to a total of 32 years incarceration, consisting of 7 years on Count 2 and 25 years consecutive on Count 4. ECF No. 125. This was in accord with the law at the time. *See Deal v. United States*, 508 U.S. 129, 137 (1993).

Section 403(a) of the First Step Act modified § 924(c) such that the 25-year mandatory minimum penalty now only applies to a second or subsequent § 924(c) conviction if the prior § 924(c) conviction already "has become final." Pub. L. No. 115-391, § 403(a), 132 Stat. at 5222. Defendant argues that he should get the benefit of this provision and that his sentence on Count 4 should be reduced to 7 years consecutive, rather than 25 years consecutive, for a total sentence of 14 years. The Fourth Circuit has now foreclosed that argument.

In *United States v. Jordan*, the defendant was convicted of two § 924(c) charges that resulted in sentences on those counts of 5 years and 25 years consecutive. 952

1

F.3d 160, 162 (4th Cir. 2020). The First Step Act was enacted while his case was on direct appeal and he argued that he should get the benefit of that change in the law. *Id.* at 171. The Fourth Circuit concluded that his argument was precluded by the text of the First Step Act, which provides that the amendment to § 924(c) only applies "'to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment.*'" *Id.* (quoting Pub. L. No. 115-391, § 403(b), 132 Stat. at 5222) (emphasis in Fourth Circuit opinion). Because his sentence had already been imposed by the district court when the First Step Act was enacted, this modification was not applicable to him. *Id.* at 174 ("Section 403(b) expressly addresses the circumstances under which § 403(a) will apply to pre-enactment cases, and by its plain terms, it excludes cases—like Jordan's—in which a defendant is sentenced before the [First Step] Act's effective date."). If this modification to § 924(c) did not apply to a defendant whose case was still on direct appeal, then it certainly does not apply to this case, which has been final for well over a decade.

For this reason, Defendant is not eligible for a reduced sentence, and his motion, ECF No. 205, is therefore **DENIED**.

**IT IS SO ORDERED.** [1]

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

August 6, 2020
Columbia, South Carolina

---

[1] In light of this order, the remaining outstanding motion in this case, ECF No. 206,

is terminated as **MOOT**.